Nelson and another, Respondents, vs. Madison Lutheran
Hospital & Sanatorium and another, Appellants.

*April 13—May 18, 1943.*

For the appellants there was a brief by *Sanborn, Blake & Aberg* of Madison, and oral argument by *W. J. P. Aberg*.

For the respondents there was a brief by *Curkeet & Curkeet* of Madison, and oral argument by *William R. Curkeet*.

MARTIN, J. On the former appeal this court held that the donations of Thompson and Nelson were gifts for a specific purpose, not general charitable gifts. The court said:

"A mere glance at the subscription contract of Thompson makes this clear. The project is accurately described and precisely limited in the opening clause. It is again described in the promissory clause and the whole matter is virtually repeated in the conditions expressly attached to the promise of Thompson. . . . It is expressly provided in Thompson's contract of subscription that conditions of the subscription must be complied with within six years from the date of the contract of subscription. Certainly, it may be argued with

considerable force that on this score alone defendants are not in a position to successfully attack the complaints by demurrer in view of the failure for so many years to carry out the projects. . . . In the case of Nelson, the contract is not so elaborate. Nelson simply promised to pay money for the purpose of raising funds for a building for the Madison Lutheran Hospital and Sanatorium at Madison. . . . The gifts [Thompson's and Nelson's] were to a single definite building project, extremely limited in scope, and to nothing else. The project has failed and has been abandoned according to the allegations of the complaint. By no process of construction may an alternative purpose be found. This being true, the fund must be returned to the donors even in the absence of express conditions or provisions for a 'reverter.'" *Nelson v. Madison Lutheran Hospital & Sanatorium,* 237 Wis. 518, 524, 525, 297 N. W. 424.

The facts, as found by the trial court in the trial of the case upon the merits, do not alter the situation, and the decision on the former appeal is the law of the case upon the facts found. As to the allowance of attorney fees the trial court said:

"The charges of the firm of Sanborn, Blake & Aberg, as attorneys for the Madison Lutheran Hospital and Sanatorium to May 19, 1941, aggregated $860; no question is or was at issue as to those charges. After the decision of the appellate court, the Sanborn firm made additional charges for services aggregating $2,168. Practically all of the services performed after the supreme court decision was with reference to an attempt to have the funds in the possession of the Madison Lutheran Hospital and Sanatorium used for the purpose of establishing a convalescent hospital.

"It seems very clear to this court that such attempt was ill-advised and contrary to the plain, and clearly expressed, holding of the supreme court decision. If this conclusion is correct, then there could have been no justification for the proceedings had thereafter. If there was no justification for such proceedings, then it would not only be improper but illegal to allow counsel fees to the Madison Lutheran Hospital and Sanatorium to be paid out of the funds which the supreme court has held is the property of the donors thereof."

The defendant was allowed credit for attorney fees in the sum of $860, which included all legal services up to May 19, 1941. The order of August 3, 1942, allowed defendant further credit for legal expenses in the sum of $500 in connection with such services as might be necessary in the transferring of the funds and property to the Madison Trust Company as receiver. In other words, the court allowed defendant, on its final accounting, legal expenses in the sum of $1,360. The attorneys having been paid $1,000 on October 1, 1941, there is due them, under the order of August 3, 1942, the further sum of $360.

This appeal presents the narrow question whether the trial court abused its discretion in refusing defendant credit in its final account for legal services in excess of the amounts specified in the order of August 3d. In passing on the allowance for attorney fees the trial court said:

"It is the opinion of the court that the decision of the supreme court clearly left nothing to be done by said defendant [appellant] except to turn all the property and assets over to the Madison Trust Company as receiver. Said defendant was entitled to have the advice of counsel to protect it in the effecting of this transfer. The $500 allowed would have been a very liberal allowance for that purpose.

"All other steps taken and proceedings had by the defendant after the supreme court decision are considered ill-advised and without justification and as having been taken in direct contravention of the supreme court decision. It is concluded that it would be unjust, unreasonable, and without warrant in law to further deplete the trust fund by allowing to said defendant any additional attorney fees."

The trial court had in mind that the decision of this court upon the former appeal definitely determined that the trust funds in the hands of the defendant could not be diverted to other than the original project; that the *cy pres* doctrine could not be applied since the donations were to a single definite building project. Reasonable attorney fees for services which

are reasonably necessary in conserving a trust estate are allowable to the trustee as expenses, and may be allowed directly to the attorney, chargeable to the trust fund. *They are always within the discretion of the court.* See *Will of Rice,* 150 Wis. 401, 488, 136 N. W. 956, 137 N. W. 778.

In reaching its conclusion, the trial court had a right to take into consideration the fact that more than eighteen years had elapsed from the time the Madison Lutheran Hospital and Sanatorium was organized to carry out the purposes of the Thompson subscription and the commencement of this action. Also, that as of the time of the trial in November, 1941, the total subscriptions collected from other persons than Mr. Thompson were somewhat less than $84,000. The Thompson subscription, made April 22, 1922, was conditioned that all conditions of his subscription be complied with within six years from the date of his subscription. There may have been many reasons why the defendant failed to carry out the hospital and sanatorium project as originally contemplated; but whatever the reasons, it had no right to disburse any of the assets received from the donors to establish a convalescent hospital.

Appellants argue that a trustee of a charitable trust is entitled to indemnity out of the trust estate for legal expenses incurred in defending in good faith an action brought by the settlors to terminate such trust. Such expenses were allowed for all legal services up to and including services in this court on the former appeal. The allegations of the complaints, then taken as admitted, disclosed the same state of facts as found by the court in the trial of the action on the merits. The trial court said that the subsequent legal proceedings were ill-advised; that such proceedings were futile is established by the findings in the trial of the action on the merits. Appellant Madison Lutheran Hospital and Sanatorium was organized to carry out the plan and project definitely stated in the Thompson subscription agreement. When that plan and

project were departed from, as the court found to be the fact, and when it failed to consummate such plan and project within the six-year period, the subscribers were entitled to a return of their subscription agreements and all payments made thereon. We fail to find any abuse of discretion on the part of the trial court in making the order appealed from.

*By the Court.*—Order affirmed.